UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 17-221 |
| AMIN SULUKI | SECTION: "J" (3) |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 112)** filed by Defendant Amin Suluki. The Government opposes the motion (Rec. Doc. 114). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the Motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Suluki pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine. On January 23, 2020, the Court sentenced Suluki below the guidelines range to a mandatory minimum 60 months of imprisonment and a mandatory minimum four years of supervised release. Suluki is currently incarcerated at FCI Morgantown, a minimum-security institution. His projected release date is February 17, 2022.

On May 21, 2020, Suluki filed a request for compassionate release with the warden of the facility where he is incarcerated, which was denied on June 8, 2020.[1] Suluki then filed the instant motion on June 9, 2020.

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

In addition to finding extraordinary and compelling reasons, the Court must also find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).[2]

---

[1] (Rec. Doc. 115, at 5).
[2] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Suluki requests compassionate so that he can care for his elderly parents. His mother is 74 and African-American, making her "very vulnerable and susceptible" to COVID-19, and lives in North Carolina, while his father is 80, African-American, suffers from dementia, and lives alone in an apartment building for senior citizens in New Jersey. Suluki's older sister, who lives in Pennsylvania, is only able to visit their father once a month. Suluki further asserts that his parents lack health insurance.

The Sentencing Guidelines define four categories of circumstances that constitute extraordinary and compelling reasons: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the Bureau of Prisons. § 1B1.13, comment. (n.1).[3] Relevant here, family circumstances include (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* comment. (n.1(C)). Unfortunately, the Guidelines do not contain any provision for

---

[3] Application notes are binding unless they violate the Constitution or a federal statute or are inconsistent with the text of the guideline. *See United States v. Ochoa-Gomez*, 777 F.3d 278, 282 (5th Cir. 2015).

compassionate release to care for a parent, so the Court is unable to grant Suluki's request on this basis.

Suluki also requests release to home confinement and contends that he is eligible for it under the First Step Act because he has been classified as a low recidivism risk.[4] However, because he does not qualify for compassionate release, the Court lacks the authority to order BOP to transfer him to home confinement. *See* 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993); *see also United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Suluki's *Motion for Compassionate Release* **(Rec. Doc. 112)** is **DENIED**.

New Orleans, Louisiana, this 19th day of August, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[4] (Rec. Doc. 115, at 6).