UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 17-221** |
| v. | * | SECTION: "J" |
| **AMIN SULUKI** | * | |
| | * * * | |

**GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE**

**NOW INTO COURT** comes the United States of America, through the undersigned Assistant United States Attorney, and submits this opposition to defendant Amin Suluki's motion to terminate his supervised release. Rec. Doc. 120. Suluki's motion should be denied for the following reasons:

**RELEVANT FACTS**

On November 17, 2009, a federal grand jury returned an indictment against Amin Suluki (hereinafter "Suluki") charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of Title 21 United States Code, Sections 841(a)(1), (b)(1)(A), and 846. Rec. Doc. 17. On April 18, 2019, Suluki pled guilty to a superseding bill of information charging him with conspiracy to distribute and possess with intent to distribute five hundred grams of more of cocaine hydrochloride, in violation of Title 21 United States Code, Sections 841(a)(1), (b)(1)(B), and 846. Rec. Docs. 53, 57. On January 23, 2019, Boyd was sentenced to a term of imprisonment of 60 months to be followed by a four-year term of supervised release. Rec. Doc. 110.

## **LAW AND ARGUMENT**

The Government opposes Suluki's motion for early termination of supervised release. Only under unusual or extraordinary circumstances should supervised release be terminated early. General compliance with the terms of supervised release is not sufficient to warrant termination. Accordingly, this motion should be denied.

Section 3583(e) of Title 18, in relevant part, sets forth the Court's statutory authority to terminate supervised release:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> . . . .

18 U.S.C.A. § 3583(e)(1).

Courts have held that mere compliance with supervised release is not enough to merit termination; the defendant bears the burden to show unusual or extraordinary circumstances. A "[d]efendant's good behavior alone is insufficient to warrant early termination of his supervision." *United States v. Johnson*, 228 F. Supp. 3d 57, 63 (D.D.C. 2017). "Mere compliance with the terms of supervised release is expected and without more, insufficient to justify early termination." *United States v. Mitchell*, 2020 WL 64541, at *2 (D.N.J. 2020). "Courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *United States v. McClain*, 2009 WL 854107, at *1 (E.D. Wis. March 30, 2009). *Also see United States v. Singleton*, 2020 WL 3271633, at *1 (E.D. Tex. June 17, 2020). Accordingly, the defendant carries the burden to "show something of an unusual or extraordinary nature in addition to full compliance" to justify

early termination. *United States v. Etheridge*, 999 F.Supp.2d 192, 196 (D.D.C. 2013) (internal quotations omitted); *United States v. Hayes*, Crim. A. No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (Barbier, J.) (defendant must present "extraordinary circumstances" to merit early termination). "Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available." *United States v. Brown*, Crim. A. No. 03-310, 2012 WL 4059887, at *1 (E.D. La. Sept. 14, 2012) (Vance, J.) (citing 18 U.S.C. § 3553(a)). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes,* 150 F.3d 483, 484 (5th Cir.1998).

In this case, Suluki has not met his burden. Though he has maintained employment and complied with the terms of his supervised release, he has offered no evidence to show that his case is unique to an extent that warrants early termination of supervised release, especially when he has served only one year of a six-year term of supervised release. Furthermore, Suluki has a significant history of drug trafficking which has resulted in his incarceration for nearly half of his life. In fact, only two years passed between the time he was released from prison for his first federal conviction and his arrest for his most recent conviction. Lastly, Suluki, offered no evidence to show that the imposition of supervised release hindered his life or progress in any way. Undersigned counsel for the government has conferred with Suluki's probation officer, Kevin Fleming. Officer Fleming has explained that, while Suluki has complied with the terms of his supervised release, his general compliance does not equate to unique circumstances that warrant early termination.

Suluki's history and characteristics combined with the nature and circumstances of the instant offense alone weigh heavily against early termination of supervised release. Suluki, who is now 41 years old, has a significant history of drug trafficking dating back to 2000 when at age

18 he was convicted of possession with intent to distribute controlled dangerous substances. Rec. Doc. 101, ¶ 36. Yet after a subsequent federal conviction in 2001 for cocaine trafficking for which he served a sentence of 175 to 219 months until 2015, only two years passed before he committed his most recent drug offense. Rec. Doc. 101, ¶ 37, Rec. Doc. 57. In committing the instant offense just two years after serving such a significant sentence, Suluki confirmed that imprisonment was not a deterrent from future criminal activity. In fact, the manner in which he committed the instant offense exemplified his determination to continue his criminal lifestyle. As he acknowledged in his factual basis, a co-conspirator contacted Suluki to purchase kilogram quantities of cocaine. Rec. Doc. 57. Suluki advised the co-conspirator that he (Suluki) could only afford to purchase one kilogram. *Id*. When told that the transaction would require a purchase of at least five kilograms, Suluki contacted another individual who would purchase the remaining four kilograms of cocaine. *Id*. When Suluki had an opportunity to walk away from the transaction, he refused and ensured the completion of a five kilogram cocaine transaction, just two years after his release from prison from the prior drug trafficking conviction. Suluki's past and commitment to a life of drug trafficking denote a history and a characteristic that do not warrant early termination of supervised release.

Furthermore, Suluki has not argued or shown that the imposition of supervised release negatively impacted or hindered his ability to move forward with his life. *See United States v. Brown*, 2012 WL 4059887 (E.D. LA. Sept. 14, 2012) (Vance, J.). He notes in his motion that since his release from prison he started his own real estate business and has made $150,000.00 since his release. He reconnected with his daughter and found a potential wife. Suluki accomplished all of this while on supervised release. While the Government commends Suluki for his progress, it maintains that Suluki has not shown extraordinary circumstances that warrant early termination of supervised release. Suluki's compliance with the terms of supervised release

is not enough to warrant early termination, especially after just one year of a four-year term of supervised release given that Suluki spent nearly half of his life in prison for drug trafficking. The supervised release term is not a burden on Suluki and must remain in place to ensure that Suluki is no longer a danger to the community.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the defendant's motion to terminate his supervised release be denied.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

/s/ André Jones
ANDRÉ JONES
La. Bar Roll No. 23502
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3075
andre.jones@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also mailed a copy of this pleading via U.S. Postal Service, first class postage prepaid, to Amin Suluki, Camden Forest Way, Riverside, GA 30296.

/s/ André Jones
ANDRÉ JONES
Assistant United States Attorney