UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL MATTER |
| VERSUS | No. 17-221 |
| AMIN SULUKI | SECTION: "J"(3) |

## ORDER AND REASONS

Before the Court is a *Motion for Early Termination of Supervised Release* **(Rec. Doc. 120)** filed by Defendant, Amin Suluki, and an opposition filed by the United States (Rec. Doc. 122). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On April 18, 2019, Suluki pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride. On January 23, 2020, this Court sentenced Suluki below the guidelines range to a mandatory minimum 60 months of imprisonment and a mandatory minimum four years of supervised release. At the time Suluki filed the instant motion on November 15, 2022, he had completed one year and three days of supervised release.

In his motion, Defendant requests that the Court terminate his supervised release because he has been compliant with the terms of his supervised release. Specifically, Suluki contends that, because he has completed substance abuse

treatment, passed his drug screen tests, and maintained a fulltime job, he should be relieved of these obligations. (Rec. Doc. 120, at 1-2).

The United States argues, in its opposition, that mere compliance with the terms of supervised release is not enough to merit termination, and the relevant factors weigh in favor of continued supervision. (Rec. Doc. 122, at 2-3). According to the government, Suluki did not meet his burden of showing unusual or extraordinary circumstances, in addition to full compliance, to justify early termination, and Suluki's past criminal history weighs against granting his motion. *Id.* Additionally, the United States avers that Defendant's current positive situation merely proves that supervised release is working as designed. *Id.* at 4-5.

## **LEGAL STANDARD**

Under 18 U.S.C. § 3583(e), this Court may terminate a term of supervised release after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. In making its determination, the Court must consider a variety of factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant;
> (3) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (4) the applicable sentencing guidelines and policy statements;
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records; and
> (6) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## **DISCUSSION**

Defendant Suluki completed one year of a four-year term of supervised release and complied with the terms of his supervision during that time. However, he has not demonstrated that the terms of supervised release have hindered his progress, and the 3553(a) factors weigh heavily against him. First, he has a history of drug-related charges prior to the instant 2017 conviction, including a 2000 conviction for possession with the intent to distribute controlled dangerous substances and a 2001 conviction for cocaine trafficking for which he was sentenced to 175 to 219 months. (Rec. Doc. 122, at 3-4). Just two years after he was released from prison for the cocaine trafficking conviction, he was subsequently arrested in the instant case.

Second, in his motion, Defendant provides no compelling reason that this Court should alter its original sentence of four years supervised release. Rather, Defendant's sole argument is that the requirements of his supervised release have improved his life—he has maintained employment, started a business, completed the required therapy, and has not tested positive for drugs during his mandatory screens. (Rec. Doc. 120). Defendant has also completed substance abuse treatment and has connected with his daughter who lives in another state. *Id.* at 1. It appears that Defendant is benefiting from the terms of supervised release, and Defendant has not provided other special needs or conditions indicating a need for early termination. Thus, the Court concludes that Defendant will benefit from continued supervision to ensure he no longer engages in criminal behavior, and the Court sees no reason to terminate his supervised release.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Early Termination of Supervised Release* **(Rec. Doc. 120)** is **DENIED**.

New Orleans, Louisiana, this 10th day of February, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE